**E-FILED**
Friday, 17 June, 2016  09:00:41 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES DONELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-1523 |
| | ) | |
| RANDY PFISTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER & OPINION</u>

This matter is before the Court on Petitioner Charles Donelson's Motion to Expand the Record and Stay Brown County Proceedings. (Docs. 61). Petitioner asks the Court to expand the record of this habeas proceeding "by ordering Brown County to send the file to this court and to stay their [criminal] proceeding until the outcome of this case." (*Id.* at 3).

Petitioner currently has one claim pending before this Court: whether a prison adjustment committee that punished him with the revocation of one year of good time credit denied him of his right to call witnesses and to present exculpatory during a disciplinary hearing. "Due process requires that prisoners in disciplinary proceedings, before being deprived of good time, be allowed to call witnesses and present other evidence" unless the requests "threaten institutional goals or are irrelevant, repetitive, or unnecessary." *Donelson v. Pfister*, 811 F.3d 911, 917-18 (7th Cir. 2016).

It seems, from Petitioner's motion, that the State of Illinois is prosecuting him in Brown County, Illinois for at least some of the same events as those that the adjustment committee considered in the challenged proceeding. (*See* Doc. 61 at 2 ("Brown County case is the subject of this habeas corpus petition disciplinary report."); *see also* Doc. 63 at 8 ("[P]etitioner was later convicted in a criminal proceeding for the same assault on Officer Watson that was alleged in the disciplinary report.")).

On this basis, Petitioner asks the Court to stay the Brown County criminal proceedings. (Doc. 61 at 3).[1] Pursuant to 28 U.S.C. § 2251(a), a court before whom a habeas corpus proceeding is pending may "stay any proceeding against the person detained in any State court . . . for any matter involved in the habeas corpus proceeding." This allows district courts "to stay all state-court proceedings that have the effect of defeating or impairing the federal court's jurisdiction." 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4268.4 (3d ed.).

The Court declines Petitioner's request to stay the proceeding. Although the Brown County criminal case may involve the same facts as the disciplinary proceeding that Petitioner challenges in the pending habeas corpus petition, the petition only challenges the lack of procedural due process that Petitioner says he received from the adjustment committee. The Brown County criminal case is an entirely separate proceeding; its outcome has no bearing on whether the adjustment

---

[1] Petitioner requests that the Court stay proceedings in Brown County pursuant to Rule 7(a) of Rules Governing Section 2254 cases in the United States District Courts. However, Rule 7(a) says nothing about staying state court proceedings.

committee violated due process by refusing to allow Petitioner to call witnesses and present exculpatory evidence during its proceeding.

Petitioner has also asked the Court to expand the record by ordering that the Brown County court send it a copy of the file of the criminal matter. Under Rule 7(a) of Rules Governing Section 2254 cases in the United States District Courts, "the judge may direct the parties to expand the record by submitting additional materials relating to the petition." The purpose of the rule is "to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." Rule 7 of Rules Governing Section 2254 cases in the United States District Courts advisory committee's note to 1976 adoption. At this stage, it is unclear whether an expanded record is necessary.[2] Therefore, the Court takes Petitioner's motion under advisement with respect to this question.

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Expand the Record and Stay Brown County Proceedings (Doc. 61) is DENIED IN PART and RESERVED IN PART. The Court will not stay the Brown County proceedings and will determine whether it must expand the record after considering the Petition, Respondent's Supplemental Answer, and Petitioner's currently pending Response. In light of this Order, Petitioner's Motion for Status (Doc. 66) is FOUND TO BE MOOT.

---

[2] Based on the Court's initial review of supplemental answer to the Petition, it does not appear that Respondent has argued that the witnesses or evidence that Petitioner wished to call or present to the adjustment committee lacked exculpatory value or could have otherwise been excluded because they threatened institutional goals or were irrelevant, repetitive, or unnecessary. (*See* Doc. 63).

Entered this 16th day of June, 2016.

s/Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
